AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| Jane Doe | ) |
| *Plaintiff* | ) |
| v. | ) |
| Board of Supervisors of the University of Louisiana System, et al. | ) |
| *Defendant* | ) |

Civil Action No. 3:22-cv-00338-BAJ-SDJ

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Kenneth Jacoby through his counsel of record, Jean-Paul Jassy

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE NOTICE OF DEPOSITION FOR PRODUCTION OF RECORDS ONLY ALONG WITH ATTACHMENT "A"

| Place: University Reporters<br>83 Scripps Drive, Suite 120<br>Sacramento, CA 95825, Tel: (916) 567-1550 | Date and Time:<br><br>11/27/2023 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/31/2023

CLERK OF COURT

_____          OR          *Cathy Giering*
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Board of Supervisors of the University of Louisiana System_____ , who issues or requests this subpoena, are:

Catherine S. Giering, Keogh Cox, 701 Main St., Baton Rouge, LA 70802 / cgiering@keoghcox.com / (225) 383-3796

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER
FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.
(Civil Case No.: 3:22-cv-00338)

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:22-cv-00338-BAJ-SDJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO.:  3:22-cv-00338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE**<br>**UNIVERSITY OF LOUISIANA SYSTEM;** | |
| **BOARD OF SUPERVISORS OF LOUISIANA**<br>**STATE UNIVERSITY AND AGRICULTURAL** | **JUDGE BRIAN A. JACKSON** |
| **AND MECHANICAL COLLEGE; and** | |
| **LAFAYETTE CITY-PARISH** | **MAGISTRATE JUDGE:** |
| **CONSOLIDATED GOVERNMENT** | **SCOTT D. JOHNSON** |

**********************************************************************

## NOTICE OF DEPOSITION
## FOR PRODUCTION OF RECORDS ONLY

TO:    Kenneth "Kenny" Jacoby
        through his counsel of record
        Jean-Paul Jassy
        355 S. Grand Ave., Suite 2450
        Los Angeles, CA 90071
        Email: jpjassy@jassyvick.com

       PLEASE TAKE NOTICE that Defendant, **BOARD OF SUPERVISORS OF THE**

**UNIVERSITY OF LOUISIANA SYSTEM**, through undersigned counsel, will take the

records deposition of Kenneth "Kenny" Jacoby pursuant to Federal Rule of Civil Procedure

45 on **November 27, 2023**, at 2:00 p.m. PST/12:00p.m. CST, at University Reporters, 83

Scripps Drive, Suite 120, Sacramento, CA 95825, Tel: (916) 567-1550, for all purposes,

including use at trial. Said party is to produce *certified copies* of the following:

**See Attachment "A"**

1

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

Requested records are to be sent in a sealed envelope by depositing same, addressed

to:  Catherine S. Giering, 701 Main Street, Post Office Box 1151, Baton Rouge, LA 70821,

in the U.S. Mail, with sufficient postage affixed, on or before **November 27, 2023**, at 2:00

p.m. PST/12:00p.m. CST.  Documents may also be electronically transferred via document

sharing programs and/or sent to cgiering@keoghcox.com.

*NOTE:  Appearance will not be necessary if certified copies of the written documents comprising the complete record for the entity stated herein are received by, or the original records are made available for copying to:  Catherine S. Giering, Keogh, Cox & Wilson, Ltd., 701 Main Street (70802), Post Office Box 1151, Baton Rouge, Louisiana, 70821, on or before the date and time stated herein.*

Respectfully submitted,

>**JEFF LANDRY**
>**Attorney General**
>
>By:      s/Catherine S. Giering_____
>Andrew Blanchfield, T.A. (#16812)
>Email: ablanchfield@keoghcox.com
>Catherine S. Giering (#26495)
>Email: cgiering@keoghcox.com
>Special Assistant Attorneys General
>Post Office Box 1151
>Baton Rouge, Louisiana 70821
>Telephone:  (225) 383-3796
>Facsimile:  (225) 343-9612
>*Counsel for the Board of Supervisors of the University of Louisiana System*
>
>-and-

*Signature Block Continued on Following Page*

2

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

**DeCuir, Clark & Adams, L.L.P.**

s/ Brandon J. DeCuir
Brandon J. DeCuir (#28014)
Linda Law Clark (#22305)
Monica Gant Moton (#27222)
732 North Boulevard
Baton Rouge, La 70802
Tel: 225.346.8716
Fax: 225.336.1950
*Counsel for the Board of Supervisors of*
*the University of Louisiana System*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 31st day of October, 2023.

s/Catherine S. Giering
CATHERINE S. GIERING

3

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO.:  3:22-cv-00338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM; BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **JUDGE BRIAN A. JACKSON** |
| | **MAGISTRATE JUDGE: SCOTT D. JOHNSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# ATTACHMENT "A"
# TO NOTICE OF DEPOSITION
# FOR PRODUCTION OF RECORDS ONLY

TO:   Kenneth "Kenny" Jacoby
      through his counsel of record
      Jean-Paul Jassy
      355 S. Grand Ave., Suite 2450
      Los Angeles, CA 90071
      Email: jpjassy@jassyvick.com

Please produce **_certified_** copies of the following documents. In determining responsive document, please note the following definitions:

"Document"  shall mean all original written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, pleadings, motions, responses to discovery, papers, books, records, letters, photographs, maps, plats, surveys, tangible things, correspondence, communications, emails, telegrams, cables, Telex messages, memoranda, notes, notations, workpapers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, all records kept by electronic, photographic

CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER
FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.
(Civil Case No.: 3:22-cv-00338)

or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however, denominated by the parties.  In all cases, where originals or non-identical copies are not available, "documents" also means identical copies or original documents and non-identical copies thereof.

"Materials" or "material", shall include any and all letters (with enclosures), emails (with attachments), text messages, documents and/or notes related to the article.

"Communications" as used in these requests, shall include any and all letters (with enclosures), emails (with attachments), text messages, documents and/or notes related to telephone communication, recordings of conversations in any format, or other means of preservation of information exchanged between the referenced parties.

"And" or "or" as used herein are both conjunctive and disjunctive.

"Person(s)" or "individual(s)" means any natural person, corporation, partnership, proprietorship, association, organization or group.

"You," and/or "your" for the purpose of these requests shall mean Kenny Jacoby or Kenneth Jacoby.

"The article" for the purpose of these requests shall mean the article titled, "Six women reported a Louisiana college student for sexual misconduct. No one connected the dots", published on May 26, 2021, by Kenneth Jacoby with USA Today.

"LCG," for the purpose of these requests shall mean Defendant Lafayette City-Parish Consolidated Government.

"LPD" for the purpose of these requests shall mean Lafayette Police Department.

"ULS Board" for the purpose of these requests shall mean Board of Supervisors of the University of Louisiana System.

"UL Lafayette" for the purpose of these requests shall mean the University of Louisiana at Lafayette.

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

"ULPD" or "UL Police"  for the purpose of these requests shall mean the University of Louisiana at Lafayette Police Department.

"Tech Police" for the purpose of these requests shall mean the Louisiana Tech University Police Department.

"Tech" or "LA Tech" for the purpose of these requests shall mean Louisiana Tech University.

"LSU Board" for the purpose of these requests shall mean Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.

"LSU" for the purpose of these requests shall mean Louisiana State University.

"LSU Police" for the purpose of these requests shall mean Louisiana State University Police Department.

"UL System" or "ULS Board"  for the purpose of these requests shall mean Board of Supervisors of the University of Louisiana System.

# INSTRUCTIONS

1. All Requests in this Subpoena phrased in either the disjunctive ("or"), conjunctive ("and"), or both should be responded to in the manner that makes your response inclusive rather than exclusive.

2. All words used in the singular should be understood to also mean their plural, and all words used in the plural should also be understood to mean their singular so as to make your response inclusive rather than exclusive.

3. All Definitions, Instructions, and Requests in this Subpoena are proffered subject to the provisions of the Consent Protective Order and Confidentiality Agreement entered in this matter (Doc. 51), a copy of which is provided with this Subpoena.

# REQUESTS

1. All materials provided to you  related to the content or subject matter of and prior to the publishing of the article, "Six women reported a Louisiana college student for

3

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

sexual misconduct. No one connected the dots", published on May 26, 2021, by Kenneth Jacoby with USA Today (hereafter referred to as "the article");

2. Any and all materials requested and received, whether reviewed and/or relied upon in writing the article or not, related to the investigation and eventual publication of the article. This request includes all emails, texts, messages, notes, drafts, letters, correspondence, public records, police reports, research, photographs, social media items, recordings, interviews, etc.;

3. All items regarding Victor Daniel Silva. The requested items should include, but are not limited to, academic, attendance, employment, disciplinary, criminal, complaints, social media, background and police records;

4. All University of Louisiana at Lafayette Police Department records regarding Victor Daniel Silva. The requested records should include, but are not limited to, disciplinary, criminal, complaints, social media, background and police records;

5. All Louisiana Tech University records regarding Victor Daniel Silva. The requested records should include, but are not limited to, academic, attendance, employment, disciplinary, criminal, complaints, social media, background and police records;

6. All Louisiana Tech University Police Department records regarding Victor Daniel Silva. The requested records should include, but are not limited to, disciplinary, criminal, complaints, social media, background and police records;

7. All documents and communications, including but not limited to, email, text messages, notes, correspondence, and memoranda, concerning Victor Daniel Silva's transfer from LSU to University of Louisiana at Lafayette;

8. All documents and communications, including but not limited to, email, text messages, notes, correspondence, and memoranda, concerning Victor Daniel Silva's transfer from University of Louisiana at Lafayette to Louisiana Tech University;

9. All documents and communications, including but not limited to, email, text messages, notes, correspondence, and memoranda, concerning Victor Daniel Silva's resignation from Louisiana Tech University, sometimes incorrectly referred to as his "transfer" from Louisiana Tech University to University of Louisiana at Lafayette;

10. All documents and communications, including but not limited to, email, text messages, notes, correspondence, and memoranda, concerning the allegation that Victor Daniel

4

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

11. All investigative materials, reports, statements, notes, photographs, videos, observations, conclusions, and recommendations by you or any Louisiana university regarding the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

12. All investigative materials, reports, statements, notes, photographs, videos, observations, conclusions, and recommendations by you or Lafayette Consolidated Government (which includes Lafayette Police Department) regarding the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

13. All investigative materials, reports, statements, notes, photographs, videos, observations, conclusions, and recommendations by you and/or any law enforcement agency regarding the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

14. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, and reports exchanged between you, or any Louisiana university administrator, officer, faculty, employee, staff, or Title IX Coordinator, and/or any law enforcement agency concerning the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

15. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, and reports exchanged between you or Lafayette Consolidated Government (which includes Lafayette Police Department) concerning the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

16. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, and reports exchanged between you or any law enforcement agency concerning the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

5

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

17. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, and reports concerning any disciplinary action, warning, or sanction issued against Victor Daniel Silva in connection with the report that he perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

18. All investigative materials, reports, statements, notes, photographs, videos, observations, conclusions, and recommendations by you regarding the report, allegation, or complaint that Victor Daniel Silva engaged in any type of sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

19. All documents and communications, including but not limited to email, text messages, notes, correspondence, and memoranda, concerning the report, allegation, or complaint that Victor Daniel Silva engaged in any type of sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

20. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, and reports concerning any determination made by any Louisiana university or any law enforcement agency that Victor Daniel Silva was a "frequent flier" or banned from any university campus or university activities;

21. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, reports, journals, and calendar entries, concerning any meeting held in connection with the allegation that Victor Daniel Silva perpetrated rape, sexual assault, sexual battery, sexual harassment, sexual misconduct, or non-sexual misconduct against any person;

22. All documents and communications, including but not limited to email, text messages, notes, correspondence, and memoranda, concerning Victor Daniel Silva's employment at any Louisiana school, college, or university, including but not limited to his employment in any student tutoring program;

23. All communications, text messages, email, and correspondence regarding or referring to Victor Daniel Silva from or to (including as a "cc" or "bcc"), the following individuals: any Louisiana Tech University student; any University of Louisiana at Lafayette student; any LSU student; any employee of Louisiana Tech University, University of Louisiana at Lafayette, and/or LSU; and any police personnel in the State of Louisiana, including police working for a university or college;

24. All communications, text messages, email, memoranda, and correspondence to or from Victor Daniel Silva's attorney, legal counsel, or any of his agents or representatives;

6

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

25. All communications, text messages, email, memoranda, and correspondence to or from Victor Daniel Silva;

26. All documents and communications, including but not limited to email, text messages, notes, correspondence, memoranda, and reports, between you and any federal, state, or municipal agency regarding Victor Daniel Silva;

27. All press releases, media statements, website postings, or mass electronic communications (*e.g.*, email), concerning Victor Daniel Silva;

28. All communications, emails, text messages, letters, writings, notes, electronic documents or electronically stored information, and any audio and/or visual of interviews of or discussions with the female student at La. Tech Univ. in September – December 2018, referenced in the article, who was allegedly assaulted by Victor Daniel Silva at his off campus apartment, including but not limited to the date you first contacted her and the information that you shared with her.

7

*CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER*
*FOR USE ONLY THE IN THE MATTER OF JANE DOE vs. BOARD OF SUPERVISORS, ET AL.*
*(Civil Case No.: 3:22-cv-00338)*

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JANE DOE**                                                    **CIVIL ACTION**

**VERSUS**

**BOARD OF SUPERVISORS OF**
**THE UNIVERSITY OF LOUISIANA**
**SYSTEM, ET AL.**                         **NO. 22-00338-BAJ-SDJ**

## CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Consistent with this Court's November 17, 2022 Pseudonym Order granting Plaintiff permission to proceed under a pseudonym, and for good cause shown under Rule 26 of the Federal Rules of Civil Procedure,

**IT IS ORDERED** that the parties' **Joint Motion For Entry Of Proposed Consent Protective Order And Confidentiality Agreement (Doc. 50)** be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that by mutual consent of the parties the following terms shall govern the production or disclosure of Confidential Information for the purposes of this action, to ensure the continued confidentiality thereof:

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information (including electronically stored information or "ESI") and documentation such as, by way of illustration but not limitation: Plaintiff Jane Doe's true name, Social Security numbers, dates of birth, home addresses, employment records of individuals, information protected by the Family Educational Rights and Privacy Act, 20 U.S.C.

§ 1232g, *et. seq.* ("FERPA"), and/or the Health Insurance Portability and
Accountability Act, 42 U.S.C. § 1320d, *et. seq.* ("HIPAA"), and proprietary information
for which special protection from public disclosure and from use for any purpose other
than prosecuting this litigation may be warranted. The parties acknowledge that this
Order does not confer blanket protections on all disclosures or responses to discovery
and that the protection it affords extends only to the limited information or items
that are entitled to protection pursuant to the Court's Pseudonym Order (Doc. 47)
and Fed. R. Civ. P. 26.

## TERMS

1.    This Protective Order shall govern the production or disclosure of any
document or information designated as "Confidential Information" and produced by
a party or its agent ("Producing Party") to another party ("Receiving Party") during
the course of discovery, pretrial proceedings, or trial in this action, including all
designated deposition testimony, all designated testimony taken at a hearing or other
proceeding, interrogatory answers, documents, and other discovery materials,
whether produced informally, as part of settlement or mediation discussions and/or
negotiations, or in response to interrogatories, requests for admissions, requests for
production of documents, or other formal method of discovery. In addition, the parties
agree and acknowledge that Confidential Information may be produced by non-
parties and designated as "Confidential Information" by any party or non-party in
accordance with the terms of this Protective Order.

2.    The designation of Confidential Information for the purposes of this Order shall be made in the following manner:

a.    In the case of documents, interrogatory answers or other information or materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Information that will not interfere with the legibility of the document. If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked. If not practical to so mark the material itself, the file name, container for, or a tag attached to the material shall be so marked.

b.    In the case of depositions or other pretrial testimony, designation must be made by written notice, sent by counsel to all parties within fourteen (14) business days after receipt of the transcript of the deposition. All transcripts shall be considered Confidential Information and subject to this Order until expiration of such fourteen (14) business day period.

3.    Parties will use their best efforts to limit the number of documents designated as Confidential Information, and such designations must be made in good faith.

4.    Confidential Information shall be used solely in this litigation and shall not be used for any other purpose without the written authorization of the party who

3

is the subject of the Confidential Information or except as otherwise authorized by this Court.

5.    Except as otherwise directed by this Court, Confidential Information shall be disclosed only to the following:

a.    Attorneys appearing in and/or working on this litigation, including the attorneys' regular and temporary employees, contractors and agents;

b.    The parties to this litigation;

c.    Defendants' insurance carriers, adjusters, and claims representatives;

d.    Factual and expert witnesses who have been advised of the existence and terms of this Order, and who have agreed to maintain the confidentiality of the information as described herein;

e.    Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system, who have been advised of the existence and terms of this Order, and who have agreed to maintain the confidentiality of the information as described herein;

f.    The Court and its officers, court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any;

4

g.    Any mediator engaged in mediation of this case; and

h.    Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party.

6.    If a third party or non-party witness provides deposition testimony or documents in this litigation, including pursuant to a subpoena, such third party may designate such information as Confidential Information in the same manner as if the third party or non-party witness were a party to this action and this Order.  In addition, any party may likewise choose to designate any deposition testimony or documents provided by a third party or non-party witness as Confidential Information if the testimony or documents qualify as Confidential Information under the terms of this Protective Order.  All parties will treat such information or documents as Confidential Information pursuant to the terms of this Protective Order

7.    Inadvertent disclosure or production of or failure to designate any materials or information as Confidential Information shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the Confidential Information designation. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Order. The Receiving Party must treat such information as Confidential Information from the date designation is received.

Disclosure, prior to the receipt of designation, of such information that was inadvertently not designated Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order. However, after receipt of designation, the Receiving Party must use its best efforts to immediately retrieve all information or materials that are Confidential Information that is in the possession or control of persons not authorized to receive Confidential Information.

8.    Any party may object to the designation of any documents, materials, information, or testimony as Confidential Information by giving written notice to the Producing Party that it objects to the designation. If the Receiving Party objects, the Receiving Party shall inform the Producing Party in writing that the document, materials, testimony, or information should not be so deemed, and the parties shall attempt first to dispose informally of such disputes in good faith. The documents will be treated as Confidential Information during the parties' attempt to resolve the dispute. If the parties are unable to resolve their dispute within ten (10) business days of the objection, the Producing Party may apply to the Court for an order that the information or documents so designated are entitled to such status and protection. That application must be made within five (5) business days of the end of the aforementioned ten (10) business day period. The Producing Party has the burden of showing that there is good cause for documents, materials, information, or testimony to have such designated protection. The documents, materials,

information, or testimony shall continue to have "Confidential" status during the pendency of any such motion.

9.    With respect to filing documents that contain Confidential Information with the Court:

    a.    If the Confidential Information consists of Plaintiff Jane Doe's true name or other personally identifiable information, the filing party shall redact her true name and, if possible, replace her true name with "Jane Doe," and redact all other personally identifiable information concerning Plaintiff.

    b.    For all other Confidential Information, the filing party shall redact the Confidential Information.

    c.    If a party wishes to file an unredacted version of any Confidential Information with the Court, that party will file a motion for leave to file such information under seal that complies with the Local Rules of the United States District Court for the Middle District of Louisiana and Fifth Circuit legal precedent. No party will unreasonably withhold consent or stipulation from another party's motion for leave to file Confidential Information under seal.

10.    Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of Confidential Information at trial. If this action goes to trial, the parties agree to cooperate in terms of protecting Confidential Information. Specifically, the parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential

Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, the Court may be asked to issue an order governing the use of such Confidential Information at trial or evidentiary hearing upon reasonable notice to the party who produced such information.

11.    The termination of this litigation shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated as Confidential Information pursuant to this Order.

12.    The Producing Party shall not be bound by its own designation of information as Confidential Information, but if it ceases to treat any document or information as no longer protected for purposes of this litigation, then the Receiving Party is no longer obliged to do so.

13.    If the Receiving Party or any of its employees is compelled to disclose any of the Producing Party's Confidential Information pursuant to applicable federal or state laws, rules, regulations, or court orders or subpoenas, the Receiving Party shall provide the Producing Party with prompt notice of any such requirement in writing so as to allow the Producing Party to seek an order regarding confidentiality. If such an order or arrangement is not obtained, the Receiving Party shall disclose only that portion of the Producing Party's Confidential Information as is necessary to comply with the applicable federal or state law, rule, regulation, or court order or subpoena.

14.    The parties agree that this Protective Order complies with the privacy

rules under HIPAA, 45 CFR § 164.512(e), and FERPA, 20 U.S.C. § 1232g. Specifically, the parties agree, and the Court orders, that the parties and any non-party witness may produce and disclose protected health information and "education records," as that term is defined by FERPA, in response to a subpoena, discovery request, or other lawful process, or in connection with a mediation process or settlement discussions, and that such protected health information and education records shall only be produced and shall be kept confidential consistent with the terms of this Protective Order. The parties agree that they are prohibited from using or disclosing any protected health information or education records produced or disclosed herein for any purpose other than this action.

15.    After the conclusion of this litigation, any Confidential Information that also constitutes "protected health information" within the meaning of 45 C.F.R. § 164.501 and/or "education records" within the meaning 34 C.F.R. § 99.3 (and all copies thereof) shall be returned to the disclosing individual or Producing Party or shall be destroyed upon the expiration of thirty (30) calendar days of the conclusion of this litigation. Any destruction shall be in a manner that renders the information irretrievable.

16.    The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

17.    Entering into, agreeing to, and/or complying with the terms of this Order

9

shall not prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

18.    Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the production and/or admissibility at trial of any evidentiary materials.

19.    Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

20.    The parties may pursue any and all civil remedies available for breach of the terms of this Order.

**SO ORDERED.**

Baton Rouge, Louisiana, this 21ˢᵗ day of December, 2022

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**